**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **RYAN KOENIG, JAMES KOENIG, II,** on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:13CV00477 SNLJ ) |
| **BOURDEAU CONSTRUCTION LLC,** | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs filed a complaint against defendant Bourdeau Construction LLC, seeking to recover unpaid wages, liquidated damages, attorney fees, and other relief from defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Missouri Minimum Wage Law, § 290.500 RSMo, et seq. ("MMWL"). This matter is before the Court on the plaintiffs' motion to conditionally certify the class they seek to represent (#8). Plaintiffs move for conditional certification under the FLSA so that they may notify similarly situated current and former employees of defendant of this action and provide them an opportunity to "opt in" as plaintiffs to this litigation. Defendant contests conditional certification and objects to the proposed notice and consent. The matter has been fully briefed and is now ripe for disposition.

**I.       Background**

Plaintiffs worked for defendant as laborers in commercial and residential roofing and construction. The plaintiffs, and other laborers working for defendant, were paid as hourly employees. Plaintiffs claim that the defendant classified the hours worked by plaintiffs in excess

of forty hours per week as vacation or sick time. Defendant would "bank" the vacation and sick time hours and then pay the plaintiffs their regular hourly rate under the vacation or sick time classification. As a result, plaintiffs allege that they did not receive proper overtime compensation. According to plaintiffs, this policy and practice was applied to all laborers working in commercial and residential roofing and construction for the defendant.

## II.      Motion to Conditionally Certify Class

Under section 7 of the FLSA, an employer may not subject non-exempt employees to a work week in excess of forty hours unless the employee is compensated for overtime with pay of at least one and one half times the regular hourly wage. 29 U.S.C. § 207. An employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained by an employee on his own behalf as well as for those "similarly situated." *Id.* A collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent to join the action. *Id.*

The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008). District courts in this circuit, however, have conducted a two-step analysis to determine whether employees are "similarly situated." *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1016-17 (E.D. Mo. 2010). The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case. *Id.* The second step is the "merits stage," which takes place after discovery

and during which defendant may move to decertify the class. *Id.* at 1017. We are in the first stage of that analysis.

Plaintiffs' burden at the "notice stage" is not onerous: conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence. *Id.* "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Id.* The Court does not need to determine whether class members are *actually* similarly situated until the "merits stage" of the litigation, when defendant typically moves to decertify the class. *Id.*

### III.   Discussion

Plaintiffs claim that defendant had a common policy of misclassifying overtime hours as vacation or sick time and requiring employees to work more than forty hours per week without overtime pay. As a result, they say, plaintiffs and those similarly situated were deprived of wages to which they were entitled. Plaintiffs seek to conditionally certify a class of similarly situated employees over the past three years. Defendant takes issue with (1) whether plaintiffs have satisfied their burden warranting conditional certification, (2) the applicable statute of limitations, and (3) the proposed notice and consent.

#### 1.   Conditional Certification

"In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits." *Id.* (citing *Huang*, 248 F.R.D. at 227). Here, plaintiffs have submitted three affidavits from former employees of defendant in support of conditional certification. The affiants were hourly employees that worked as laborers on commercial and residential roofing and construction projects for Bourdeau Construction located at 3310

Woodsway Drive, St. Charles, Missouri. Two of the affiants worked for defendant in 2010 and 2011 and one affiant worked for defendant from 2006 to 2011. All were hourly employees. The affiants testified that they were required to work more than forty hours per week but were not paid overtime pay. They witnessed and were aware of other laborers who worked over forty hours per week without overtime pay. The affiants specifically named five other employees who they had witnessed work more than forty hours per week but were not paid overtime pay. The overtime hours were classified as vacation or sick time to be paid out at a later date at the regular hourly rate.

Affiant Ryan Koenig testified to working 55 hours per week without overtime pay. Affiant Vince Nack testified to working 50-65 hours per week without overtime pay. Collectively, the affiants testified that an average day was as follows: The laborers would arrive at the shop between 5:30-6:30 a.m., gather materials and equipment needed for the project for that day, drive to the work site, return to the shop at the end of the day to unload the materials and equipment, and leave the shop between 6:30-9:00 p.m. The affiants testified that they worked on crews and that the crews drove to the construction site together and returned to the shop together.

Having reviewed plaintiffs' motion and supporting documents in light of the relevant standards, this Court finds that plaintiffs have met the relatively low hurdle of demonstrating that conditional certification is appropriate. Plaintiffs have come forward with substantial allegations that they and other members of the proposed collective action were victims of a single decision, policy, or plan to deprive them of overtime compensation. Plaintiffs have adequately alleged that the worked they performed was similar to those they seek to represent. Plaintiffs worked directly

with other similarly situated employees and were able to share their direct observations to prove the existence of a class.

Defendant opposes conditional certification and disputes the factual information contained in plaintiffs' motion and supporting documents with its own affidavits. Defendant contends that it has properly compensated its employees for all overtime hours actually worked and that it is not required to compensate its employees for time periods during which they were passengers travelling in a company vehicle to and from various job sites. Primarily relying on its own affidavits, defendant argues that plaintiffs have not met the requirements for conditional certification. These disputes, however, go to the merits of the case, and need not be decided at this notice stage. *Littlefield*, 679 F.Supp.2d at 1018. At this stage, the Court does not make credibility determinations or findings of fact with respect to contrary evidence presented by the parties. *Schmaltz v. O'Reilly Automotive Stores, Inc.*, 4:12CV1056 JAR, 2103 WL 943752, at *7, (E.D. Mo. March 11, 2013). For purposes of this motion, defendant's arguments do not preclude conditional certification of a collective action under the FLSA. After discovery is complete and the matter is fully briefed, defendant may move to decertify the class for the reasons stated in its response or for some other reasons. The Court, however, will not deny conditional certification of the proposed collective action simply because plaintiffs may not ultimately prevail on their FLSA claim.

### 2.     Statute of Limitations

Plaintiffs seek conditional class certification of all laborers in commercial and residential roofing and construction who have worked for defendant at any time in the last three years. Defendants argue it should be a two-year time period. The FLSA requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that

a cause of action arising out of a "willful" violation may be commenced within three years. *Laughlin v. Richland Shoe Co.*, 486 U.S. 128, 128-36 (1988). In order to invoke the three-year statute of limitations, plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute. *Id.* at 133.

Whether a violation is willful is a fact question that is often addressed at summary judgment or at trial. *Littlefield*, 679 F. Supp. 2d at 1019 (citing *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 836 (E.D. Va. 2008)); *see also Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000) (jury determined willfulness). At this stage in the proceedings, judicial economy is served by conditionally certifying a larger, more inclusive class. *Littlefield,* 679 F. Supp. 2d at 1019; *see also Kautsch v. Premier Comms*., 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007) (approving notice to class with three-year statute of limitations). Plaintiffs' affidavits and the allegations of willful conduct in the complaint are sufficient for purposes of conditional certification. The Court will conditionally certify the class with a three-year statute of limitations.

### 3. Proposed Notice and Consent

One purpose of conditional certification is to facilitate the notice to potential class members. Plaintiffs have submitted a proposed notice and consent. Defendant objects to certain portions of the proposed notice and consent. In their reply, plaintiffs did not brief these issues. The Court takes up defendant's objections as it must approve the language of the notice and consent.

#### A. Content

The Court finds that the Notice does not properly designate the class and time period and shall be revised to state as follows:

> TO: All current and former hourly employees who have performed work for Bourdeau Construction, LLC as laborers in commercial and residential roofing and construction within three years of [insert date three years prior to notice mailing].

The Court agrees with defendant that the references to claims concerning minimum wage should be removed from the Notice, including the reference in the sections titled, "Description of the Lawsuit," "Whom Does this Lawsuit Affect," and the "Statute of Limitations." The Court also agrees that the reference to "state law" in the consent form should be removed. The Court rejects defendant's argument that it is improper to allow putative class members to fax and/or e-mail the consent form.

Defendant proposes adding a statement to the Notice setting forth the legal obligations that the putative plaintiffs may incur by participating in the class action. Defendant proposes the following language:

> If you choose to join the lawsuit, you will be bound by the judgment or settlement, if any, whether it is favorable or unfavorable. If you join the lawsuit, and the Court rules in favor of Bourdeau Construction, LLC, you will not be entitled to any relief, and you may have to pay some portion of the costs and expenses incurred by Bourdeau Construction, LLC. While this lawsuit is pending, you may be required to respond to written questions, sit for a deposition in or near St. Louis, Missouri, and/or testify in Court.

This identical language was approved in *Halsey v. Casino One Corp.*, 4:12cv1602-CDP, 2012 WL 6200531, at *3-5 (E.D. Mo. Dec. 12, 2012). Additionally, of the three sentences, the language in the first and third sentences has been approved by this Court in *Burkeen v. New Madrid County Ambulance Dist.*, 1:12CV154 SNLJ, 2013 WL 880079, at *4 (E.D. Mo. March 8, 2013) and *Denney v. Lester's, LLC*, 4:12CV377, 2012 WL 3854466, at *4-5 (E.D. Mo. Sept. 5, 2012). Language similar to the second sentence was approved in *Perrin v. Papa John's Intern., Inc.*, 4:09CV1335 AGF, 2011 WL 4815246, at *4 (E.D. Mo. Oct. 11, 2011)("[i]f you do not prevail on your claim, court costs and expenses may possibly be assessed against you") but was rejected in *Littlefield*, 679 F.Supp.2d at 1019, *Ondes v. Monsanto Co.*, 4:11CV197 JAR, 2012

U.S. Dist. LEXIS 2596, at *7 (E.D. Mo. Jan. 10, 2012), and *White v. 14051 Manchester, Inc.*, 4:12CV469 JAR, 2012 WL 5994263, at *7 (E.D. Mo. Nov. 30, 2012). The decisions in *Littlefield*, *Ondes*, and *White* rely on the finding in *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490 (D. Neb. 2009) that it is unclear whether prevailing defendants in FLSA actions are entitled to costs and that such language might discourage or have a "chilling effect" on potential plaintiffs. The decisions in *Perrin* and *Halsey* found that such language should be included in order to provide accurate notice because of cases awarding costs to prevailing FLSA defendants.

Although it may be unclear whether the FLSA provides for costs for a defendant as a prevailing party, it does not prohibit it. As such, a prevailing party may be entitled to costs under Rule 54(d)(1) and 28 U.S.C. § 1920. In fact, courts have awarded costs to a prevailing defendant in FLSA cases under Rule 54(d)(1) and U.S.C. § 1920 in *Frye v. Baptist Memorial Hosp., Inc.*, 863 F.Supp.2d 701 (W.D. Tenn. 2012) and *Reyes v. Texas Ezpawn, L.P.,* No. V-03-1282007 WL 4530533, at *1-3 (S.D. Tex. Dec. 19, 2007). Because an award of costs to a defendant as a prevailing party in an FLSA case is possible, in the interest of full and fair disclosure, the language should be included. Accordingly, the language proposed by defendant shall be included in the Notice in a section titled "Effect of Joining This Lawsuit." Additionally, the Notice should include a section titled "Effect of Not Joining This Lawsuit" that states as follows:

> If you do not join this lawsuit, you will not be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. If you choose not to join this action, you are free to take action on your own or to do nothing at all.

*See Denney*, 2012 WL 3854466, at *6; *Huang*, 248 F.R.D. at 228.

### B.     Facilitation of Notice

Plaintiffs have requested that defendant be ordered to supply plaintiffs' counsel with putative class members' names, addresses, phone numbers, e-mail addresses, and dates of

employment in a readable electronic format. Plaintiffs seek the information so that they may notify potential class members of the litigation and offer them an opportunity to opt in. Defendant objects to providing e-mail addresses and to the dissemination of the notice via e-mail. Defendant argues that provide noticing via e-mail invites the opportunity of inappropriate communications and pressures to be asserted. This Court has permitted disclosure of e-mail addresses and dissemination of notice via e-mail in the past. *See Burkeen*, 2013 WL 880079, at *2. E-mail addresses, in addition to physical addresses, may be helpful if the defendant's employees have moved. To the extent the defendant possesses information regarding e-mail addresses, it will be ordered to provide that information.

Finally, plaintiffs request that they be allowed to provide postage prepaid envelopes with the notice. Defendant objects to this request and suggests that individuals who want to participate can perform the step of completing an envelope and putting a stamp on it. This Court has allowed plaintiffs to provide postage prepaid envelopes. *White*, 2012 WL 5994263, at *5 n.3; *Perrin*, 2011 WL 4815246, at *6. The Court will grant this request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to conditionally certify the class and authorization to send notice of suit to potential opt-in plaintiffs (#8) is **GRANTED**. The Court conditionally certifies a class of all current and former hourly employees of defendant Bourdeau Construction LLC who performed work as laborers in commercial and residential roofing and construction during the three years prior to the date of this Order.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiffs' attorneys with a computer readable data file containing the names, last known addresses, e-mail addresses (if

available), telephone number, and dates of employment within fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiffs may send out their notice and consent (Exhibits 3 and 4), *consistent with the revisions stated in this Order*, and defendant shall be required to conspicuously post the revised notice and consent in its office break room at 3310 Woodsway Drive, St. Charles, Missouri until the opt-in period expires.

Dated this 31st day of October, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE