UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RYAN KOENIG, JAMES KOENIG, II,        )
on behalf of themselves and all others )
similarly situated,                    )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )        Case No. 4:13CV00477 SNLJ
                                       )
BOURDEAU CONSTRUCTION LLC,             )
                                       )
            Defendant.                 )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on plaintiffs' motion for attorneys' fees and

costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Federal Rule of

Civil Procedure 68. The matter has been fully briefed and is ready for disposition. For

the following reasons, the motion will be granted in part and denied in part.

### I.      Background

On March 14, 2013, plaintiffs Ryan Koenig and James Koenig, II filed this action

against defendant Bourdeau Construction LLC, seeking to recover unpaid wages,

liquidated damages, attorney fees, and other relief for violations of the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Missouri Minimum Wage Law,

§ 290.500 RSMo, et seq. ("MMWL"). On March 25, 2013, Vincent Nack filed a consent

to join the lawsuit.

On April 13, 2013, Bourdeau served upon plaintiffs James Koenig, II and Ryan Koenig an Offer of Judgment pursuant to Rule 68. Plaintiffs declined the offer. Thereafter, plaintiffs filed a motion to conditionally certify class. On October 31, 2013, this Court granted the motion for conditional certification. On December 18, 2013, James Larkin filed a consent to join the lawsuit.

On June 20, 2014, Bourdeau served upon the plaintiffs a second Offer of Judgment. The Offer of Judgment provided the following for the four plaintiffs in the case: $514.00 for James Koenig, II; $2,423.86 for Ryan Koenig; $3,324.00 for Vince Nack; and $5,402.50 for James Larkin. In addition, the Offer of Judgment provided for reasonable attorneys' fees, costs, and expenses to which plaintiffs are entitled by law, as determined by this Court. Plaintiffs accepted the offer and have filed a motion for attorneys' fees and costs, which is now before this Court. Plaintiffs seek $32,400.25 in attorneys' fees and $1657.17 in costs.

## II.    Discussion

### A.    Attorney's Fees

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[The court does] not automatically accept the lawyer's rate as reasonable; we look also to the ordinary fee for similar work in the

community." *Shakopee v. Mdewakanton Sioux Community v. City of Prior Lake, Minn.*, 771 F.2d 1153, 1160 (8th Cir. 1985) (internal quotation and citation omitted). "The court should also consider: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." *Starks v. Harris Co. Inc.*, 4:12CV473 DDN, 2014 WL 1314945, at *2 (E.D. Mo. March 26, 2014) (citing *Zoll v. Eastern Allamakee Community School Dist.*, 588 F.2d 246, 252 n. 11 (8th Cir. 1978).

"The fee applicant bears the burden of substantiating the claimed number of hours expended." *West v. Matthews Intern. Corp.*, 4:09CV1867 DDN, 2011 WL 3904100, at *3 (E.D. Mo. Sept. 6, 2011) (citing *Hensley*, 461 U.S. at 437). "The court should deduct hours that are not reasonably expended." *Id.* (citing *Hensley*, 461 U.S. at 434). "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *Id.* (quoting *A. J. ex rel. L. B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995)). Additionally, hours that are "excessive, redundant, or otherwise unnecessary" are not to be included in an award of fees. *Hensley*, 461 U.S. at 434. Further, "[p]laintiffs are not entitled to attorney's fees for time expended for work that should be considered clerical in nature." *Betton v. St. Louis*

*County*, 4:05CV01455 JCH, 2010 WL 2025333, at *7 (E.D. Mo. May 19, 2010) (internal quotation and citation omitted); *see also Sellers v. Peters,* 624 F.Supp.2d 1064, 1069 (E.D.Mo.2008) ("[c]ompensation for . . . clerical tasks is not appropriate").

Plaintiffs seek attorneys' fees as follows:  for attorney James Nowogrocki, 74.3 hours at $350.00 per hour for a total of $26,005.00; for attorney Richard Worth, 3.7 hours at $250.00 per hour for a total of $925.00; for paralegal Lisa Kogel, 9.5 hours at $92.00 per hour for a total of $874.00; for paralegal Ashley Webb, 47.3 hours at $62.50 per hour for a total of $2956.25; for first year law student Morgan Taylor, 2.5 hours at $50 per hour for a total of $125.00; for second year law student Ray Syrcle, 20.2 hours at $75 per hour for a total of $1515.00.  The total amount of attorneys' fees requested by plaintiffs is $32,400.25.

In support of the attorneys' fees and costs requested by plaintiffs, they submitted the affidavit testimony of their lead attorney, James Nowogrocki.  Mr. Nowogrocki offered testimony substantiating the number of hours expended.  He testified that he has practiced employment and labor law in the metropolitan St. Louis area since September 1988.  He has extensive experience in FLSA litigation in federal court.  He devotes a substantial percentage of his practice in the representation of individuals in employment matters.  Based upon his experience and knowledge, he testified that the billing rates in the St. Louis area for paralegals and law students range from $50.00 to $100.00 per hour.  He testified to the accuracy of the legal fees and costs as set forth on an invoice attached to his affidavit.

4

Plaintiffs also offered the affidavit testimony of Donna Harper, an attorney with Sedey Harper, P.C., who has practiced law since 1979. Ms. Harper testified that she has spent her entire legal career in the area of plaintiff's employment litigation. She practiced exclusively in federal court for the first twenty-seven years of her career, and in both state and federal court for the past eight-plus years. She testified that she is familiar with the rates charged by attorneys in the St. Louis metropolitan area in employment discrimination, wage and hour cases, and other types of litigation in state and federal court. She testified that she was familiar with Mr. Nowogrocki and Mr. Worth professionally as plaintiff employment attorneys. Based on her knowledge and experience, she testified that the rates requested by plaintiffs for the attorneys, paralegals, and law students are consistent with the rates charged by firms who employ attorneys and paralegals in St. Louis with similar skills, experience and reputation when serving fee-paying clients.

In its opposition to plaintiffs' motion, defendant argues that a reasonable hourly rate for Mr. Nowogrocki would be $250.00, for Mr. Worth $160.00, for the law clerks $25.00, and for the paralegals $62.50. Defendant claims that "[i]n determining reasonable hourly rates, courts have consistently approved the rate of $250.00 as a reasonable rate for an experienced partner practicing employment law." This argument has previously been rejected by this Court. In *Lupo v. Hooter's of St. Peters*, 4:13CV601 CAS, 2013 WL 3229602, at *2 (E.D. Mo. June 24, 2013), Judge Shaw reviewed the range of hourly rates in this Court's recent decisions and rejected a similar argument:

[T]he Court disagrees with defendants' contention that the rate for 'even the most experienced' employment attorney is limited to $250 per hour in this district. This Court has awarded a fairly wide range of hourly fees in employment cases based on the experience, skill and usual hourly rate of the attorneys involved, and the nature and difficulty of the case. Recently, in *Risch v. Natoli Engineering Co., LLC,* 2012 WL 4357953, at *4 (E.D. Mo. Sept. 24, 2012), a Fair Labor Standards Act class action, Judge Fleissig awarded plaintiffs' counsel their usual hourly rates of $400 (two partners, each with thirty-plus years of employment experience), $300 (one partner with ten-plus years of employment experience), and $250 (two associates). These rates were supported by the affidavits of each attorney which attested to their years and degree of experience in employment cases. In *Betton v. St. Louis County,* 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010), a five-plaintiff Title VII race and retaliation discrimination case, Judge Hamilton awarded the same two partners from Risch their usual hourly rates of $450 and $400 per hour, which were supported by the detailed affidavits of the attorneys and by affidavits from other attorneys in the St. Louis area on their behalf, discussing their levels of expertise and the reasonableness of their rates. Two other attorneys in *Betton* claimed rates of $300 and $250, but Judge Hamilton reduced their rates to $260 and $195 to conform to rates in the 2008 Altman Weil Survey of Law Firm Economics, as urged by the defendant, because the attorneys submitted no affidavits or other documentation in support of their rates.

Additionally, in *West v. Matthews International Corp.,* 2011 WL 3904100, at *2 (E.D. Mo. Sept. 6, 2011), a Missouri Human Rights Act employment case, Judge Noce reviewed the range of hourly rates in this Court's recent decisions awarding attorneys' fees in similar cases:

Over the last four years, this court has found hourly rates ranging from $195 to $450 reasonable in similar cases. *See Marez v. Saint–Gobain Containers, Inc.,* No. 4:09 CV 999 MLM, 2011 WL 1930706, at * 12 (E.D. Mo. May 18, 2011) (hourly rate of $350 not questioned by defendant; supporting factors were that counsel was a sole practitioner and the rate requested was a contingent fee); *Betton v. St. Louis Cnty.,* No. 4:05 CV 1455 JCH, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010) (hourly rates of $195, $260, $400, and $450; the latter two rates being supported by affidavits of local attorneys); *Murphy v. Fedex Nat'l LTL, Inc.,* No. 4:07 CV 1247 JCH, 2009 WL 1939957, at *3 (E.D. Mo. July 2, 2009) (hourly rate of $400; contrary argument that EEOC experience was irrelevant was rejected); *Finan v. Good Earth Tools, Inc.,* No. 4:06 CV 878 CAS, 2008 WL 1805639, at *13 n. 7 (E.D. Mo. Apr. 21, 2008) (hourly rate of $250 approved as a reasonable rate for an experienced partner practicing employment law in St. Louis

area); *Katoch v. Mediq/PRN Life Support Servs., Inc.,* No. 4:04 CV 938 CAS, 2007 WL 2434052, at *10 n. 11 (E.D. Mo. Aug. 22, 2007) (taking judicial notice that an hourly rate of $250 is a reasonable rate for an experienced partner practicing employment law in the St. Louis area); *Day v. Robinwood West Community Improvement District,* No. 4:08 CV 1888 ERW, Doc. 74 (E.D. Mo. Sept. 20, 2010) ($225 per hour rate approved); *Phelps–Roper v. City of Manchester,* No. 4:09 CV 1298 CDP, 2010 WL 4628202, at *2 (E.D. Mo. Nov. 8, 2010) ($225 per hour rate approved for the same attorney in *Day v. Robinwood).* In 2009, the Missouri Court of Appeals affirmed an hourly rate of $400 for experienced counsel, including attorney Mary Ann Sedey, in a case brought under the MHRA. *Alhalabi v. Mo. Dep't of Nat. Res.,* 300 S.W.3d 518, 531 (Mo.Ct.App.2009).

*West,* 2011 WL 3904100, at *2. Judge Noce reduced the plaintiff's attorneys' hourly rates from $400 to $350 for a partner with thirty years' experience, and from $300 to $250 for a six-year associate, based on "counsel's experience, expertise, and performance" in the case and consistent with hourly rates awarded in other similar cases. *Id.* at *3.

The affidavit testimony of Mr. Nowogrocki and Ms. Harper provides sufficient support that the rates requested for attorneys' fees are reasonable and consistent with the rates for similar work in the St. Louis community. This Court finds that an hourly rate of $350.00 for Mr. Nowogrocki and $250.00 for Mr. Worth is reasonable based on their experience, expertise, and performance in this case and is consistent with hourly rates awarded in other similar cases. Additionally, this Court finds that the rates requested for the paralegals and law students are reasonable.

On the question of the reasonableness of the hours expended, defendant contends that the attorneys' fees claimed by plaintiffs should be reduced due to time billed for clerical matters, work that was not reasonable or redundant, and duplicate entries. The

Court has reviewed the detailed billing information submitted by plaintiffs and will

deduct time as follows:

> For attorney James Nowogrocki, 1.8 hours to complete the FLSA complaint and coordinate filing with EDMO on March 15, 2013, which was one day after the complaint was filed on March 14, 2013.

> For paralegal Lisa Kogel, time billed for clerical matters on the following dates in the following time increments: March 14, 2013 (.5); March 25, 2013 (.2); April 3, 2013 (.2); April 18, 2013 – (.1); May 3, 2013 (.2); May 8, 2013 (.2); May 14, 2013 (.1), November 25, 2013 (.4), and November 26, 2013 (.3). The total clerical billing time to be deducted is 2.2 hours.

> For paralegal Ashley Webb, time billed for a clerical matter on April 2, 2014 (.5). For law student Ray Syrcle, a duplicate time entry on June 13, 2013 for legal research (1.9).

Additionally, defendant argues that the Offer of Judgment accepted by plaintiffs

provided for attorneys' fees and costs accrued to date and that plaintiffs are not entitled to

attorneys' fees for 30.6 hours billed after the June 2014 Offer of Judgment was served

upon the plaintiffs. This Court agrees that the hours billed after receipt of the Offer of

Judgment should be excluded from the attorneys' fee award. The language of the Offer

of Judgment provides for attorneys' fees and costs accrued to date. Furthermore, the

Court finds the hours were not reasonably expended. The hours include research on Rule

68 Offer of Judgment and attorneys' fees, which is duplicative of work previously billed

after the first Offer of Judgment in this matter. The hours include additional wage

calculations, which seem to have been unnecessary. Finally, the hours include time billed

for drafting the motion for attorneys' fees and costs. The Court will deduct 15.4 hours

for attorney Nowogrocki and 15.2 hours for paralegal Ashley Webb for hours billed after

the June 2014 Offer of Judgment was served upon plaintiffs.

Finally, defendant argues that the number of hours is excessive and should be reduced. In support of its argument, defendant offers the affidavit of defendant's attorney in which he testifies that he billed a total of 21.7 hours from the inception of the lawsuit up to the date of the Offer of Judgment on June 20, 2014. It does not necessarily follow that the number of hours spent on the case by the plaintiffs' attorneys, who represented multiple plaintiffs, is excessive or unreasonable based on the number of hours billed by defendant's attorney. The affidavits of Mr. Nowogrocki and Ms. Harper also address this issue. Mr. Nowogrocki attests to the billable time incurred in the prosecution of this case along with the submission of a detailing billing statement. Moreover, Ms. Harper testified, based on her vast experience in employment litigation spanning over 35 years, that she had reviewed the plaintiffs' attorneys' billing for this case and, in her professional opinion, it was reasonable. The Court finds that the attorneys' fees do not need to be adjusted for any excessive billing hours as claimed by defendant.

Based on the foregoing, this Court finds an award of attorneys' fees to be merited as follows: for attorney James Nowogrocki, 57.1 hours at $350.00 per hour for a total of $19,985.00; for attorney Richard Worth, 3.7 hours at $250.00 per hour for a total of $925.00; for paralegal Lisa Kogel, 7.3 hours at $92.00 per hour for a total of $671.60; for paralegal Ashley Webb, 31.6 hours at $62.50 per hour for a total of $1975.00; for first year law student Morgan Taylor, 2.5 hours at $50 per hour for a total of $125.00; for second year law student Ray Syrcle, 18.3 hours at $75 per hour for a total of $1372.50. The total amount of attorneys' fees awarded to plaintiffs is $25,054.10.

**B.      Costs**

Plaintiffs seek costs in the amount of $1657.17 for the filing fee, special process server fees, copying costs, postage expenses, and computer based legal research expenses.  Defendant contends that the costs claimed by plaintiffs are not recoverable with the exception of the filing fee.  Defendant argues that costs are limited to the categories set forth in 28 U.S.C. § 1920 and that items not on the statutory list must be borne by the party incurring them.  Specifically, defendant maintains that plaintiffs are not entitled to the special process server fees, copying costs, postage expenses, and computer based legal research expenses because these items are not allowed under § 1920.  Section 1920 is the mechanism by which a prevailing party may claim and be awarded taxable costs.  Here, however, plaintiffs are also seeking costs as provided by the FLSA, 29 U.S.C. § 216(b).

In FLSA cases, costs are not limited to the categories set forth in § 1920 for prevailing parties.  Any costs not allowed as taxable costs under § 1920 may be allowed as part of attorney's fees, or nontaxable costs, where there is other statutory authorization. *See Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (holding that reasonable attorney fee includes reasonable out-of-pocket expenses incurred by an attorney, which are normally charged to a fee-paying client including expenses that are not enumerated under § 1920).  However, the Eighth Circuit has held that computer-aided research is a component of attorneys' fees and cannot be taxed as an item of taxable or nontaxable costs in addition to the attorneys' fee award.  *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) (citing *Leftwich v. Harris-Stowe State*

*College*, 702 F.2d 686, 695 (8th Cir. 1983). "[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the costs of the computer time may not be added to the fee award." *Id.*

The Court finds that plaintiffs may recover the special process server fees, copying costs, and postage expenses under § 216(b) but not the computer based legal research expenses. The claimed expenses will be reduced by $743.62, which is the total amount included for Westlaw and Pacer charges. Further, defendant correctly points out that plaintiffs have claimed the $350.00 court filing fee twice in the calculation of their expenses. The claimed expenses will be reduced by $350.00 for the duplicate expense. After deducting the computer based legal research expenses and the duplicate filing fee, this Court will award plaintiffs costs in the amount of $563.55.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for attorneys' fees and costs (ECF #33) is **GRANTED** in part and **DENIED** in part as set forth above.

**IT IS FURTHER ORDERED** that plaintiff is awarded attorneys' fees in the amount of $25,054.10 and costs in the amount of $563.55.

Dated this 26th day of November, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE