UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN KOENIG, JAMES KOENIG, II, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:13CV00477 SNLJ |
| BOURDEAU CONSTRUCTION LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion to compel. The matter has been briefed and is ready for disposition. For the following reasons, the Court will grant the motion.

**I.  Background**

On March 14, 2013, plaintiffs Ryan Koenig and James Koenig, II filed this action against defendant Bourdeau Construction LLC, seeking to recover unpaid wages, liquidated damages, attorney fees, and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Jurisdiction in this Court was based on federal question. Subsequently, Vincent Nack and James Larkin filed consents to join the lawsuit.

On June 20, 2014, Bourdeau served upon the plaintiffs an Offer of Judgment. The Offer of Judgment provided the following for the four plaintiffs in the case: $514.00 for

James Koenig, II; $2,423.86 for Ryan Koenig; $3,324.00 for Vince Nack; and $5,402.50 for James Larkin. In addition, the Offer of Judgment provided for reasonable attorneys' fees, costs, and expenses to which plaintiffs were entitled under the FLSA, as determined by this Court. Plaintiffs accepted the offer and, pursuant to the Offer of Judgment and the FLSA, filed a motion for attorneys' fees and costs. In accordance with the FLSA, 29 U.S.C. § 216(b), the Court awarded attorneys' fees in the amount of $25,054.10 and costs in the amount of $563.55. On January 20, 2015, judgment was entered in favor of plaintiffs in the total amount of $37.282.01.

Bourdeau Construction failed to satisfy the judgment. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, plaintiffs noticed up a deposition of James M. Bourdeau to discover assets of Bourdeau Construction which could satisfy the judgment. During the deposition, in response to 142 out of 145 questions, Bourdeau refused to answer the questions and stated he was invoking the Fifth Amendment for each question. The only questions he answered were to state his name, that he is familiar with this lawsuit, and his address. No other objections were made to any of the questions. Plaintiffs filed a motion to compel requesting that Bourdeau Construction, via James M. Bourdeau or another representative, be required to fully respond to the deposition questions and pay plaintiffs their reasonable attorneys' fees and costs associated with the Rule 69 deposition and the motion to compel.

## II.   Discussion

In response to the motion to compel, defendant contends that both Bourdeau Construction and Bourdeau were entitled to the absolute invocation of the Fifth

2

Amendment without being required to justify its invocation.  Additionally, defendant contends that Bourdeau Construction and Bourdeau had a right to invoke the privilege against self-incrimination under Missouri law and that plaintiffs have failed to overcome the presumption that the answer to the question posed might tend to incriminate them. The Court notes that the privilege against self-incrimination under Missouri law was not raised at any time during Bourdeau's deposition.

Contrary to defendant's contention, only the federal privilege against self-incrimination, and not the state privilege, is at issue here.  *See Schembre v. AGR Const. Co.*, 4:06CV943 CEJ, 2007 WL 3268443, at *2 (E.D. Mo. Nov. 2, 2007) (finding federal privilege against self-incrimination, and not state privilege, applied in ERISA action where deponent claimed both privileges with regard to Rule 69 deposition).  "State privileges are honored in federal litigation only when state law supplies the rule of decision."  *Id.* (citation omitted).  "When federal law governs, privileges recognized by federal law are controlling."  *IBEW-NECA Retirement Plan v. Strickland and Sons Elec., LLC*, 4:12CV2106 SNLJ, 2014 WL 988473, at *2 (E.D. Mo. March 13, 2014) (citing *Freed v. Grand Court Lifestyles*, 100 F.Supp.2d 610 (S.D. Ohio 1998) (holding that evidentiary and discovery privileges in cases filed in a federal court and based on federal law are governed not by state law but by Fed.R.Evid. 501)).  "And district courts apply federal law even where a state grants broader privilege against self-incrimination."  *Schembre*, 2007 WL 3268443, at *2.  Here, there is original jurisdiction in which federal law governs.  Thus, defendant and Bourdeau must show that they satisfy the requirements of the federal privilege in order to avoid answering deposition questions.

Defendant's argument that it was entitled to the absolute invocation of the Fifth Amendment without being required to justify its invocation is clearly not the law. *O'Connell v. Penny Plumbing, Inc.*, 4:06CV1423 DDN, 2007 WL 4097740, at *1 (E.D. Mo. Nov. 16, 2007). "There is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings." *Capitol Products Corp. v. Hernon*, 457 F.2d 541, 542 (8th Cir. 1972). "[I]n order to invoke the protection, the witness must have 'reasonable cause to apprehend danger from a direct answer.'" *Schembre*, 2007 WL 3268443, at *2 (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). "The privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure." *Id.* (citing *Rogers v. United States*, 340 U.S. 367, 372-73 (1951)).

"The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." *Capitol Products*, 457 F.2d at 542. "The court must determine whether the claimant is . . . confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." *Id.* at 543. "In evaluating a claim of Fifth Amendment privilege, the court must determine, for each question, 'from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'" *O'Connell*, 2007 WL 4097740, at *1 (quoting *Capital Products Corp.*, 457 F.2d at 543).

Bourdeau's blanket invocation of the Fifth Amendment to the 142 questions he refused to answer is contrary to clear precedent in this Court and the Eighth Circuit. Like

4

the courts in *Capitol Products*, *O'Connell*, and *Schembre*, for this Rule 69 deposition, this Court finds that there is nothing in the questions or the setting in which they were asked that suggests the defendant and/or Bourdeau was confronted by a substantial and real hazard of incrimination. Defendant does not argue that a responsive answer to the questions asked might lead to an injurious disclosure. There is nothing to link the defendant and/or Bourdeau with any criminal investigation or proceeding. Defendant has not established that it or Bourdeau faces a real danger of incrimination with respect to any of the questions Bourdeau declined to answer at deposition.

Further, there is nothing before this Court to suggest that the purpose of the examination was anything other than an ordinary Rule 69 deposition for the purpose of discovering assets to satisfy the judgment against defendant. Like the court in *Capitol Products*, this Court "do[es] not perceive, in the statutory provisions for disclosure in aid of execution of judgment, any inherent dangers of self-incrimination such as are present in some statutory disclosure schemes." *Capitol Products*, 457 F.2d at 543 (citations omitted).

The Court will grant the motion to compel and direct defendant to answer all questions unless a real danger of incrimination is specifically established with respect to each question. The Court cautions defendant and its counsel to make any further Fifth Amendment invocations in good faith in accordance with this Order and the relevant law.

Plaintiffs request their attorney's fees and costs associated with the Rule 69 deposition and this motion. The Court will consider awarding reasonable attorney's fees and expenses and will permit plaintiffs' counsel to submit verified documentation of the

5

expenses and attorney's fees incurred.  Defendant may file a written response to be heard on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel (ECF #45) is granted.

**IT IS FURTHER ORDERED** that defendant, through deponent James M. Bourdeau, shall fully respond to the 142 unanswered deposition questions, in writing and under oath, without a blanket invocation of the Fifth Amendment within seven days.  As there were no other objections made at the time of the deposition, all other objections have been waived.  For each question, a substantive answer shall be made, unless a real danger of incrimination is specifically established with respect to each question.

**IT IS FURTHER ORDERED** that defendant shall notify the Court within seven days that it has complied with this order.  Failure to comply may result in sanctions.

**IT IS FINALLY ORDERED** that plaintiffs are granted seven days to submit verified documentation in support of their request for attorney's fees and costs.  Defendants shall have seven days thereafter to file a response.

Dated this 26th day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE