UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN KOENIG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:13CV00477 SNLJ |
| ) | |
| BOURDEAU CONSTRUCTION LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to quash a subpoena duces tecum with regard to post-judgment discovery. The matter has been briefed and is ready for disposition. For the following reasons, the Court will deny the motion to quash.

**I.      Background**

On March 14, 2013, plaintiffs Ryan Koenig and James Koenig, II filed this action against defendant Bourdeau Construction LLC, seeking to recover unpaid wages, liquidated damages, attorney fees, and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Jurisdiction in this Court was based on federal question. Subsequently, Vincent Nack and James Larkin filed consents to join the lawsuit.

On June 20, 2014, Bourdeau served upon the plaintiffs an Offer of Judgment as to all plaintiffs. Plaintiffs accepted the offer and, pursuant to the Offer of Judgment and the FLSA, filed a motion for attorneys' fees and costs. In accordance with the FLSA, 29 U.S.C. § 216(b), the Court awarded attorneys' fees in the amount of $25,054.10 and costs

in the amount of $563.55. On January 20, 2015, judgment was entered in favor of plaintiffs in the total amount of $37.282.01.

Bourdeau Construction failed to satisfy the judgment. Thereafter, in a post-judgment discovery of assets deposition, James M. Bourdeau, on behalf of Bourdeau Construction, refused to answer questions and stated he was invoking the Fifth Amendment. Plaintiff filed a motion to compel and this Court entered an order directing Bourdeau Construction, via James M. Bourdeau or another representative, to answer the deposition questions. In response, Bourdeau did not identify any assets but identified 1st Advantage Bank as the bank used by Bourdeau Construction while the company was active.

Plaintiff has now served a subpoena duces tecum to 1st Advantage Bank seeking production of the following:

> Any and all statements, cancelled checks, deposited items, and signature cards for any and all accounts of Bourdeau Construction, LLC from January 1, 2012 to the present.

Defendant has filed a motion to quash arguing that the subpoena is overbroad and seeks information which plaintiff should not have access.

## II. Discussion

Post-judgment discovery is authorized by Federal Rule of Civil Procedure 69, which provides, in pertinent part, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery . . . as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2). Missouri Rule of Civil Procedure 76.28 allows post-judgment discovery of "matters, not privileged, that are

2

relevant to the discovery of assets . . . or income subject to execution or garnishment for the satisfaction of judgments." Mo.R.Civ.P. 76.28. Judgment creditors are entitled to a full range of discovery in aid of execution on judgments. *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). "Rule 69(a) allows the 'judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Sprint Nextel Corp v. York*, 4:13CV1292 AGF, 2015 WL 3645142, at *2 (E.D. Mo. Jun. 10, 2015) (quoting *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014).

Defendant requests that this Court quash the subpoena, amend the subpoena in time and scope to permit only the disclosure of account statements for a period of one year, and/or enter a protective order to limit the use and disclosure of the records obtained. Defendant alleges that the subpoena is overbroad as to time in that it seeks over three and a half years of banking information. Further, defendant argues that plaintiff should not be provided with cancelled checks and deposited items as such documents would contain banking information and account information of non-parties. Defendant insists that such documents would not provide any information to assist in executing upon the judgment.

This Court finds that plaintiff's discovery subpoena served on 1st Advantage Bank for banking records pertaining to Bourdeau Construction LLC falls within the range of authorized post-judgment discovery. Further, the time period of approximately three and a half years of banking information is not overbroad. Additionally, the cancelled checks and deposited items are relevant to the discovery of assets. Contrary to defendant's

3

contention, such records could provide information that would lead to evidence of additional assets held by defendant. It should be noted that if defendant was more forthcoming in the post-judgment discovery process, this issue would most likely not be before the Court. Finally, defendant has requested, and plaintiffs do not object to, the entry of a protective order to limit disclosure of defendant's banking records and to the redaction of social security numbers from the records.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash the subpoena duces tecum served on 1st Advantage Bank (ECF #58) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's alternative request for a protective order to limit the use and disclosure of records obtained in response to the subpoena is **GRANTED**. Any documents obtained in response to the subpoena duces tecum may only be used for the purposes of discovering assets held by defendant and executing upon the Judgment, the disclosure of those records is limited to the parties and their attorneys, and social security numbers shall be redacted from the disclosed records.

Dated this 30th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE